IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James R. Watson, Jr., | C/A No. 4:26-cv-1351-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| Meta Platforms Technologies, LLC, C.S.C. Global, | |
| Defendants. | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 11.] In the Report, the magistrate judge recommends summarily dismissing this matter because it is duplicative of another action, *Watson v. Meta Platforms Technologies, LLC*, C/A No. 4:25-cv-8217-SAL ("*Watson v. Meta I*"), that was previously dismissed as barred by the statute of limitations. *Id.* Plaintiff objects to the recommended disposition. [ECF No. 13.] For the reasons that follow, this court overrules his objections and dismisses this case.

**BACKGROUND AND PROCEDURAL HISTORY**

The Report outlines the relevant facts and standards of law. [ECF No. 11.] This court incorporates those facts and standards in this order. Briefly, Plaintiff's Instagram account was compromised in 2018, and he attempted to bring claims against Defendants in 2025 based on their failure to restore his account. But this court dismissed the case as it was filed well after the statute

1

of limitations had run.[1] *See Watson v. Meta I*, ECF No. 19. Plaintiff appealed, and the Fourth Circuit affirmed the dismissal on March 30, 2026. *See Watson v. Meta I*, ECF No. 34.

The following day, Plaintiff filed the instant action, alleging claims against Defendants arising out of the 2018 compromise of his Instagram account, but claiming his claims were only for their actions from 2023 to 2025. *See* ECF No. 1.

The magistrate judge recommends that this court summarily dismiss this case as duplicative of his earlier dismissed action. [ECF No. 11.] Plaintiff objects. [ECF No. 13.]

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then reviews *de novo* those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger *de novo* review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the

---

[1] In South Carolina, the three-year statute of limitations for a negligence action begins to run "when a cause of action reasonably ought to have been discovered." *Bayle v. S.C. Dep't of Transp.*, 542 S.E.2d 736, 740 (S.C. Ct. App. 2001).

magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* But a party must do more than state, "I object." *Id.*

Because Plaintiff is proceeding pro se, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The court agrees with the recommended dismissal of this action. This case is a duplicate of Plaintiff's earlier action, *Watson v. Meta Platforms Technologies, LLC*, C/A No. 4:25-cv-8217-SAL, which the court found was time-barred. Plaintiff objects, arguing this is a different case because it is based on Defendants' conduct from 2023 through 2025. *See* ECF No. 13. But a review of Plaintiff's own pleadings shows this is plainly the same case—Plaintiff's Instagram was compromised in 2018, and since then he has attempted to recover his account through communication with Defendants to no avail. *See* ECF No. 1-2 (emails from 2018 alerting Plaintiff that the email address associated with djjwattslive had changed). The court has already explained to Plaintiff that this action is time-barred because Plaintiff's injury first arose in 2018. *See Watson*

*v. Meta I*, ECF No. 19. And the Fourth Circuit affirmed. *See Watson v. Meta I*, ECF No. 34. His efforts to reframe his case to avoid the statute of limitations bar fail.

This case is duplicative of Plaintiff's earlier, closed case. It is subject to summary dismissal for the reasons outlined above and in the Report. *Cottle v. Bell*, 229 F.3d 1142 (4th Cir. 2000) (Table) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e). Generally, a lawsuit is duplicative of another one if the parties, issues, and available relief do not significantly differ between the two." (internal citations omitted)). Plaintiff's objections are overruled.

## CONCLUSION

For the reasons set forth above, the Report, ECF No. 11, is adopted and incorporated. This action is **SUMMARILY DISMISSED** without prejudice and without issuance and service of process. Plaintiff's Motion for Service of Process by U.S. Marshal (ECF No. 5) and Motion for PACER Fee Exemption (ECF No. 6) are also **TERMINATED AS MOOT**.

**IT IS SO ORDERED.**

May 20, 2026                                    Sherri A. Lydon
Columbia, South Carolina                        United States District Judge

4